UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JEAN O. MONTILUS,

Plaintiff,

vs.

FONTAINEBLEAU FLORIDA
HOTEL, LLC, d/b/a
FONTAINEBLEAU, MIAMI
BEACH, a Florida Corporation,

Defendant.

Case No.:

# COMPLAINT

1. Plaintiff, Jean O. Montilus ("Mr. Montilus" or "Plaintiff"), brings this action against Defendant, Fontainebleau Florida Hotel, LLC, d/b/a Fontainebleau Miami Beach ("Fontainebleau" or "Defendant"), for discrimination pursuant to Title VII of the Civil Rights Act of 1964, and the Florida Civil Rights Act of 1992 ("FCRA"), and alleges as follows:

## *JURISDICTION AND VENUE*

2. This Court has jurisdiction over these Federal claims and State statutory and common law causes of action pursuant to 28 U.S.C. §§ 1331 and 1367.

3. Venue is appropriate in the United States District Court in and for the Southern District of Florida.

## *ADMINISTRATIVE PREREQUISITES*

4. All conditions precedent to bringing this action have occurred.

Mansfield Bronstein, PA
*3440 Hollywood Boulevard, Suite 450, Hollywood, Florida 33021*
*Phone (954) 601-5600 Fax (954) 961-4756*

5.      Mr. Montilus timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). A copy of the charge is attached as Exhibit "A."

6.      A notification of Right to Sue was received from the EEOC, a copy of which is attached as Exhibit "B." This Complaint has been filed within ninety (90) days of receipt thereof.

## *PARTIES*

7.      Mr. Montilus is a citizen and resident of Miami-Dade County.

8.      Defendant is a Florida corporation authorized and doing business in this Judicial District.

9.      Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## *GENERAL ALLEGATIONS*

10.     Mr. Montilus was hired by Defendant in December 2012 to perform duties as a busser in Defendant's Dine-In service department.

11.     As a busser, Mr. Montilus was required to collect and transport, plates, dishes, and service carts from Defendant's hotel rooms and hallways to the Defendant's Dine-In service department after Defendant's guests concluded their room service meals.

12.     Throughout his employment term with Defendant, Mr. Montilus was a tipped employee and was paid at a rate of approximately $9.55 per hour.

13.     Throughout his employment with Defendant, Mr. Montilus a diligent and responsible employee and performed his duties at or above that required by Defendant.

Page 2 of 10

Mansfield Bronstein, PA
*3440 Hollywood Boulevard, Suite 450, Hollywood, Florida 33021*
*Phone (954) 601-5600 Fax (954) 961-4756*

14. As a busser, Plaintiff's immediate supervisor was the Dine-In staff supervisor. Plaintiff's supervisor had the actual and/or apparent authority to hire, discipline, and fire employees such as Plaintiff who were under his supervision. Plaintiff's supervisor also had the actual and/or apparent authority to schedule Plaintiff's hours and otherwise affect the terms and conditions of Plaintiff's employment.

15. Plaintiff's supervisor is a male.

16. From nearly the inception of his employment with Defendant, Plaintiff became the recipient of unwanted sexual advances from his supervisor.

17. For instance, shortly after commencing his employment, Plaintiff's supervisor rubbed Plaintiff's chest and arms and made sexual proposals to Plaintiff.

18. On Mr. Montilus's birthday, February 19, 2013, the same supervisor touched Mr. Montilus in an unwanted sexual manner and made sexual proposals.

19. On other occasions, when the supervisor did not see Mr. Montilus for a period during the work day, he would inexplicably ask Mr. Montilus whether he had been masturbating.

20. On yet another occasion, the same supervisor cornered Mr. Montilus during working hours, described in detail a male strip club he had attended, and asked Mr. Montilus to join him that evening at the same club. The supervisor then invited Mr. Montilus to his home, stating that there was a price for everything, that Mr. Montilus would never be promoted unless he agreed to the supervisor's sexual advances, and that Mr. Montilus would have already been promoted to assistant manager if he would have agreed to the supervisor's sexual advances.

21. After Mr. Montilus learned that he would not be promoted unless he agreed to his supervisor's sexual advances, Mr. Montilus complained to another manager, who in turn brought

Mansfield Bronstein, PA
*3440 Hollywood Boulevard, Suite 450, Hollywood, Florida 33021*
*Phone (954) 601-5600 Fax (954) 961-4756*

the matter to the department's general manager. Plaintiff informed both managers of the sexual harassment which he had experienced.

22. From the time he reported his supervisor's improper behavior, Mr. Montilus was the victim of unlawful retaliation. Initially, Mr. Montilus was made to perform additional tasks and duties that were not part of his job description and that no other bussers were given, such as dishwashing and other menial tasks.

23. Shortly after being given the additional duties, in approximately June 2013, Plaintiff requested that the matters of the sexual harassment and retaliation be brought to Defendant's Human Resources Department.

24. At the meeting with Defendant's Human Resources Department, the Department acknowledged that Mr. Montilus's supervisor had retaliated against him by inappropriately directing him to perform additional duties.

25. A short time later, as another form of retaliation, Mr. Montilus was improperly passed over for a promotion to a server position by his supervisor. In violation of Defendant's policies, the server position was given to an individual who worked outside of the Dine-In Department who had less experience than Mr. Montilus.

26. Mr. Montilus's supervisor was later suspended by Defendant for improper behavior.

27. After returning from his suspension in approximately July 2013, Mr. Montilus's supervisor questioned Mr. Montilus about his communication with Defendant's Human Resources Department and stated that Mr. Montilus should expect additional retaliation as a result of same.

Mansfield Bronstein, PA
*3440 Hollywood Boulevard, Suite 450, Hollywood, Florida 33021*
*Phone (954) 601-5600 Fax (954) 961-4756*

28. Shortly thereafter, Mr. Montilus's work hours were changed to the graveyard shift which would require him to work until 6:30 a.m. Mr. Montilus was then required to return to work at 3:00 p.m. the following day. No other employee in the Dine-In department was made to work such hours. This shift schedule was given to Mr. Montilus in direct retaliation for reporting his supervisor's unlawful actions to Defendant's Human Resources Department.

29. Mr. Montilus was also not paid tips that he should have received, and other occasions he was purposefully shorted on tips by his supervisor.

30. Additionally, Mr. Montilus began to be written up for trivial and unjustified matters.

31. On August 30, 2013, Mr. Montilus filed a Charge of Discrimination with the EEOC and the FCHR regarding his supervisor's harassment and retaliation. See Exhibit "A." After Defendant received notification of the Charge, Mr. Montilus was called into his supervisor's office and was asked to resign because of the Charge. When Mr. Montilus made clear to his supervisor that he would not resign, his supervisor made sexual threats, outrageously asking Mr. Montilus if he would like to get him pregnant.

32. On another instance, after suffering a workplace injury, Mr. Montilus's supervisor refused to send him for medical attention, and purposefully increased his duties while he was injured. When Mr. Montilus complained, his supervisor simply stated that he thought Mr. Montilus was tough and would not need assistance.

33. The determining factor for each of these retaliatory events was the fact that Mr. Montilus had objected to and refused to participate in his supervisor's sexual advances, as well

Page 5 of 10

Mansfield Bronstein, PA
*3440 Hollywood Boulevard, Suite 450, Hollywood, Florida 33021*
*Phone (954) 601-5600 Fax (954) 961-4756*

as the fact that he had complained about the sexual harassment and retaliation to which he was being subjected.

34.     With Plaintiff refusing to resign his employment, Defendant terminated him on or about January 1, 2014.

35.     As its employee, Defendant had a duty to provide Plaintiff with a workplace which was free from sexual harassment and retaliation.  However, Defendant failed to fulfill that duty.

36.     The above-referenced sexual advances and comments were severe and pervasive. None of it was consented to by Plaintiff. Plaintiff was offended and distressed by this misconduct, and this offence was objectively reasonable.

37.     Plaintiff has been required to retain the undersigned Law Firm to assist him in asserting his claims and protecting his rights, and has agreed to pay a reasonable fee for its services.

## **COUNT I - SEXUAL HARASSMENT (FEDERAL STATUTE)**

38.     Plaintiff repeats and realleges his allegations made in paragraph 1 through 37 above.

39.     The foregoing facts and circumstances demonstrate that Defendant, and its agents, have violated Title VII of the Civil Rights Act of 1964, as amended, by discriminating against Plaintiff with respect to the "conditions" of his employment because of his sex.

40.     The Defendant and its agents and employees, knew, or should have known, that the above-referenced actions were discriminatory and violated Title VII of the Civil Rights Act

Page 6 of 10

Mansfield Bronstein, PA
*3440 Hollywood Boulevard, Suite 450, Hollywood, Florida 33021*
*Phone (954) 601-5600 Fax (954) 961-4756*

of 1964, as amended. Nevertheless, the Defendant and its agents acted willfully, intentionally, and in reckless disregard for the rights of Plaintiff.

41.     As a direct and proximate result of the actions of Defendant and its agents and employees, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, humiliation, and embarrassment. Furthermore, Plaintiff has and will continue to suffer lost wages. Moreover, Plaintiff has suffered a diminished ability to earn a living and a diminished capacity to enjoy his life. Additionally, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

WHEREFORE, Plaintiff demands damages for lost wages and benefits, back pay, front pay (or reinstatement), damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, punitive damages, interest -- including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

## COUNT II - SEXUAL HARASSMENT (STATE STATUTE)

42.     Plaintiff repeats and realleges his allegations made in paragraph 1 through 37 above.

43.     The foregoing facts and circumstances demonstrate that Defendant and its agents have violated the Florida Civil Rights Act of 1992 by discriminating against Plaintiff with respect to the "conditions" of his employment because of his sex.

44.     The Defendant and its agents and employees knew or should have known that the above-referenced actions were discriminatory and violated the Florida Civil Rights Act of 1992.

Mansfield Bronstein, PA
*3440 Hollywood Boulevard, Suite 450, Hollywood, Florida 33021*
*Phone (954) 601-5600 Fax (954) 961-4756*

Nevertheless, Defendant and its agents acted willfully and intentionally and in reckless disregard for the rights of Plaintiff.

45. As a direct and proximate result of the actions of Defendant and its agents and employees, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, humiliation, and embarrassment. Furthermore, Plaintiff has and will continue to suffer lost wages. Moreover, Plaintiff has suffered a diminished ability to earn a living and a diminished capacity to enjoy his life. Additionally, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

WHEREFORE, Plaintiff demands damages for lost wages and benefits, back pay, front pay (or reinstatement), damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, punitive damages, interest -- including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

## COUNT III - RETALIATION (FEDERAL STATUTE)

46. Plaintiff repeats and realleges his allegations made in paragraph 1 through 37 above.

47. The foregoing facts and circumstances demonstrate that Defendant and its agents have violated Title VII of the Civil Rights Act of 1964, as amended, which precludes employers from retaliating against an employee because of his complaints of discrimination/harassment.

48. The Defendant knew or should have known that the above-referenced actions were retaliatory and that such actions violated Title VII of the Civil Rights Act of 1964, as

Page 8 of 10

Mansfield Bronstein, PA
*3440 Hollywood Boulevard, Suite 450, Hollywood, Florida 33021*
*Phone (954) 601-5600 Fax (954) 961-4756*

amended. Nevertheless, the Defendant and its agents acted willfully, intentionally, and in reckless disregard for the rights of Plaintiff.

49. As a direct and proximate result of the actions of Defendant and its agents and employees, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, humiliation, and embarrassment. Furthermore, Plaintiff has and will continue to suffer lost wages. Moreover, Plaintiff has suffered a diminished ability to earn a living and a diminished capacity to enjoy his life. Additionally, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

WHEREFORE, Plaintiff demands damages for lost wages and benefits, back pay, front pay (or reinstatement), damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, punitive damages, interest -- including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

## COUNT IV - RETALIATION (FEDERAL STATUTE)

50. Plaintiff repeats and realleges his allegations made in paragraph 1 through 37 above.

51. The foregoing facts and circumstances demonstrate that Defendant has violated the Florida Civil Rights Act of 1992 by retaliating against Plaintiff because of his complaints of discrimination/harassment.

52. The Defendant and its agents knew or should have known that the above-referenced actions were retaliatory and that such actions violated the Florida Civil Rights Act of

Mansfield Bronstein, PA
*3440 Hollywood Boulevard, Suite 450, Hollywood, Florida 33021*
*Phone (954) 601-5600 Fax (954) 961-4756*

1992. Nevertheless, the Defendant and its agents acted willfully and intentionally and in reckless disregard for the rights of Plaintiff.

53. As a direct and proximate result of the actions of Defendant and its agents and employees, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, humiliation, and embarrassment. Furthermore, Plaintiff has and will continue to suffer lost wages. Moreover, Plaintiff has suffered a diminished ability to earn a living and a diminished capacity to enjoy his life. Additionally, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

WHEREFORE, Plaintiff demands damages for lost wages and benefits, back pay, front pay (or reinstatement), damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, punitive damages, interest -- including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

## JURY DEMAND

46. Carey demands a trial by jury on all issues so triable.

Dated: August 1, 2014

Respectfully submitted,

/s/ Jonathan S. Minick, Esq.
Jonathan S. Minick, Esq.
FBN: 0088743
jon@mblawpa.com
MANSFIELD BRONSTEIN, PA
3440 Hollywood Boulevard, Suite 450
Hollywood, Florida 33021
Phone: 954.601.5600
Fax: 954.961.4756
Attorneys for Plaintiff

Page 10 of 10

Mansfield Bronstein, PA
*3440 Hollywood Boulevard, Suite 450, Hollywood, Florida 33021*
*Phone (954) 601-5600 Fax (954) 961-4756*